## HORACE CORBETT *versus* MAINE AND UNION BANKS, and OLIVER R. DAVIS *versus* Same.

Where, by the certificate of the appraisers indorsed upon the back of an execution against several debtors, it appears that they appraised certain real estate " as the estate in fee simple of the debtor within named Edmund Smith;" and the officer's return recites that " having given notice * * to the within named Edmund Smith and allowed him a reasonable time * * to choose an appraiser," and having caused three disinterested men, viz., E. T. L., chosen by the creditor, A. W., "chosen by the debtor," and J. G., chosen by myself, to be sworn, &c., and the real estate described in the foregoing certificate of the appraisers having been shown to them and me as the estate in fee simple and in severalty of " Edmund Smith the debtor aforesaid," &c.; — *Held*, that the terms, " the debtor," and " the debtor aforesaid" have an obvious reference to " the debtor within named Edmund Smith," and it is sufficiently certain whose land was levied upon, and which debtor had notice.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

REAL ACTIONS.

The presiding Judge sustained the levies under which the defendants claim, and the plaintiffs alleged exceptions.

*N. Morrill* and *A. P. Moore*, for the plaintiffs.

*S. & J. W. May*, for the defendants.

APPLETON, C. J. — The plaintiffs and defendants severally claim under levies upon the real estate of one Edmund Smith. Those under which the tenants derive title are prior in time. Their title, therefore, depends upon the validity of those levies.

The executions, upon which the levies relied upon by the tenants were made, are against Edmund Smith and two others. The exception taken to their validity is that the officer's return does not show the debtor, upon whose real estate the levy was made, chose an appraiser.

By the certificate of the appraisers, it appears that they appraised certain real estate " as the estate in fee simple of *the debtor within named* Edmund Smith."

Corbett *v.* Maine and Union Banks.

The officer in his return uses the following language : —
" By virtue of this execution, I this day seized the real es-
tate described in the foregoing certificate of the appraisers,
and having given notice thereof to the within named Ed-
mund Smith, and allowed *him* a reasonable specified time
within which to choose an appraiser, and having caused
three disinterested men, to wit, Edward T. Little of Au-
burn, chosen by the creditor, Archibald Wakefield, chosen
by the debtor, and Jacob Gould of Auburn, chosen by my-
self, to be duly sworn faithfully and impartially to appraise
such real estate as should be shown to them to be taken by
force of this execution, and the real estate described in the
foregoing certificate of the appraisers now referred to for a
description thereof having been shown to them, and to me
* * as the estate in fee simple and in severalty of Edmund
Smith, the debtor aforesaid," &c., &c.

The appraisal was of the real estate " of the debtor within
named Edmund Smith." The notice was " to the within
named Edmund Smith" to choose an appraiser and time was
given him in which to choose. The choice of an appraiser
was by " *the* debtor, and the execution were satisfied by a
levy upon the real estate " of Edmund Smith the debtor
aforesaid." Edmund Smith is described as the " debtor
within named" and " the debtor aforesaid" in officer's return.
No reference is made to any other debtor or debtors. The
natural and obvious construction of the return is that the
debtor, by whom the appraiser was chosen, — " was the debt-
or within named" whose land was seized and to whom notice
was given. The terms " the debtor" and " the debtor afore-
said" have reference to " the debtor within named Edmund
Smith."

The case is distinguishable from that of *Harriman* v.
*Cummings*, 45 Maine, 351, and from that of *Ware* v. *Bar-
ker*, 49 Maine, 358.                *Exceptions overruled.*

Cutting, Dickerson, Danforth and Tapley, JJ., con-
curred.